IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELIZABETH A. VOLK,

      **Plaintiff,**

      v.

SHAWNEE MISSION MEDICAL
CENTER, et al.,

      **Defendants.**

Case No. 2:24-cv-02195-HLT-GEB

**MEMORANDUM AND ORDER**

Plaintiff sues her former employer for discrimination and retaliation based on her age and disability, for violation of the Family and Medical Leave Act (FMLA), and for unlawful discharge for whistleblowing. Defendant Shawnee Mission Medical Center, Inc. d/b/a AdventHealth Medical Group moves to dismiss all Plaintiff's claims.[1] Doc. 16. But Plaintiff has plausibly alleged claims under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act as Amended (ADAAA), the FMLA, and Kansas state law. The allegations in Plaintiff's complaint state plausible claims except for Plaintiff's retaliation claim under the ADEA. The Court thus grants in part and denies in part Defendant's motion.

**I.    BACKGROUND[2]**

Plaintiff was a primary care physician who worked for Defendant from 2016 through November 11, 2022. Plaintiff's patients gave her high ratings. She was well-respected in the profession. But Defendant terminated her employment. Plaintiff was approximately 65 years old

---

[1] Plaintiff names another defendant in her amended complaint, AdventHealth Medical Group Primary Care at Prairie Village. The distinction between Defendants is unclear. But it does not appear that Plaintiff has served AdventHealth Medical Group Primary Care at Prairie Village, and this defendant has not yet answered.

[2] The following facts have been drawn from Plaintiff's amended complaint and are accepted as true for purposes of resolving the motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

at the time of her termination and suffered from medical conditions impacting her eyes and her sight. Her medical conditions were well-known at the office. Plaintiff nevertheless remained able to perform the essential functions of her position, with or without reasonable accommodations.

The relevant facts leading to Plaintiff's termination are summarized here. All dates listed are in 2022.

- January: Defendant stopped paying Plaintiff for supervision of "advance practice providers" (APPs) and instead compensated a younger colleague. But Plaintiff was still expected to continue supervision.

- July: Defendant's medical director spoke to Plaintiff about being behind on her billing. Plaintiff "expressed concerns to the office manager about whether her age was factoring into her being criticized for her paperwork and if she wondered if they were wanting her to quit and move on because of her age." Doc. 12 ¶ 36.

- August: Plaintiff's health conditions worsened, making it difficult for Plaintiff to be on the computer for long periods of time.

- September: Plaintiff had to take time off, reschedule patients, and limit her computer time because of her eye condition. She inquired about FMLA but was told she didn't qualify.

- October: Plaintiff canceled patients for two days and asked for FMLA paperwork. Plaintiff "raised concerns that she was not being compensated for APP supervision as was required in her contract even though she was being required to perform these supervisory duties." *Id.* ¶ 43.

- Undated, presumably in October-November: Plaintiff met with the director of operations and raised concerns about (1) compensation for APP work since January; (2) violations of the requirements of the Kansas Board of Healing Arts; and (3) Defendant's failure to comply with other regulations and policies. Plaintiff also reported on several occasions to the practice manager and medical director an improper delegation of work of the physician assistants (PAs).

- October 30 and November 9: Plaintiff texted the practice manager about concerns regarding APP practices.

- November 9: Plaintiff canceled patients again because of her health condition.

- November 11: Defendant terminated Plaintiff's employment.

2

## II. STANDARD

A complaint survives a Rule 12(b)(6) motion when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). A court accepts as true all well-pleaded allegations in the complaint. *Id.* But it need not accept legal conclusions. *Id.* And conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

## III. ANALYSIS

Plaintiff alleges six claims. The Court briefly identifies the elements for each, combining some for efficiency, and explains why most of Plaintiff's allegations plausibly state a claim.

### A. Age-Based Discrimination.

Plaintiff's first claim is that Defendant discriminated against her because of her age. A plaintiff establishes a prima facie age discrimination case by showing (1) she belongs to the ADEA-protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) her employer treated her less favorably than other employees outside the protected class. *Cox v. Dex Media, Inc.*, 2022 WL 3079102, at *3 (10th Cir. 2022) (citing *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (10th Cir. 2010)). But-for causation is the standard to succeed on an ADEA discrimination claim. *Id.*

Plaintiff's allegations plausibly state a claim for age-based discrimination. She alleges that she belongs to the ADEA-protected class. She alleges that she was qualified as a primary care physician. She alleges that she suffered from multiple adverse employment actions, including having compensation taken from her and ultimately termination.[3] And she alleges that younger employees were given the paid supervision position taken from Plaintiff. Finally, she alleges upon information and belief that younger employees were treated more favorably. For one, they were paid for the role she still had to perform on an unpaid basis.[4] These allegations plausibly state a claim for age-based discrimination.

### B. Disability-Based Discrimination.

Plaintiff alleges disability discrimination based on disparate treatment and on failure-to-accommodate. A plaintiff alleging disparate treatment must show: (1) she either is disabled or perceived as disabled under the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of her job; and (3) she suffered discrimination because of her disability. *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 896 (10th Cir. 2017). A plaintiff alleging failure-to-accommodate must show: (1) that she is disabled under the ADA, (2)

---

[3] Defendant argues that the only adverse employment action at issue in the case is Plaintiff's termination. Doc. 23 at 2 n.4. But Defendant's argument is premature. Defendant contends that none of Plaintiff's other alleged adverse actions involve a "significant change" and cites *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021). Since *Throupe*, the Supreme Court has held that an adverse employment action need not cause significant, material, or serious injury to be actionable. *Muldrow v. City of St. Louis, Mo.*, 144 S. Ct. 967, 975 n.2 (2024). There must still be some "'disadvantageous' change in an employment term or condition." *Id.* But neither party has addressed whether *Muldrow* affects the relevant standard for an ADEA claim. And neither has addressed Plaintiff's allegations in light of *Muldrow*. The Court declines to engage in this analysis in the absence of argument by the parties at the motion-to-dismiss stage.

[4] Defendant argues that Plaintiff merely reaches a legal conclusion that younger employees were "similarly situated" to her without supporting facts. Defendant cites *Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019) in support. The allegations in *Bekkem* were too general in part because the plaintiff, also a doctor, alleged that other employees were not reprimanded for sending "similar" emails to ones that she sent complaining of discrimination in physician pay. The *Bekkem* plaintiff's emails contained rude accusations, a speculation about bribery, and complaints that a particular nurse was "lazy and vindictive." The content of the emails was thus important for comparison purposes. Here, a reprimand and its basis are not at issue. Plaintiff will need to produce evidence that the younger employees were similarly situated. But for now, Plaintiff's allegations as a whole are sufficient to support an inference that she was similarly situated to younger employees who were paid for the work that Plaintiff was not.

that she is "otherwise qualified," and (3) that she requested a "plausibly reasonable accommodation." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017).[5]

Plaintiff pleads that she had disabling eye conditions and that her eye problems were known at the office. She alleges that she was able to perform the essential function of her position with or without reasonable accommodations.[6] She requested additional time to complete her billing and FMLA paperwork to take time off as reasonable accommodations. She alleges facts suggesting that she was unfairly criticized and eventually terminated because of her disability or perceived disability. And she alleges that Defendant denied her plausibly reasonable accommodation requests.[7] Plaintiff states a plausible claim for disability discrimination under either theory of disparate treatment or failure-to-accommodate.

C.  Age- and Disability-Based Retaliation.

The Court next considers Plaintiff's retaliation claims under the ADEA and ADAAA together. A plaintiff alleges a prima facie case for either by showing: (1) she engaged in a protected activity, (2) she was subjected to an employment action that a reasonable employee would find materially adverse, and (3) a causal connection between the two. *Edmonds-Radford v. Sw. Airlines*

---

[5] The Tenth Circuit uses a modified burden-shifting for failure-to-accommodate claims. *Punt*, 862 F.3d at 1050. Ultimately a plaintiff does not bear the burden on all three elements. But for purposes of this order, the Court evaluates Plaintiff's allegations as to all three elements.

[6] Defendant contends that Plaintiff was not qualified because she could not see patients or timely close her charts. Doc. 17 at 7. Defendant contends that these activities were "undisputedly" essential functions of Plaintiff's job. *Id.* But this argument is premature and is more appropriate for summary-judgment briefing. Defendant also seems to ignore that Plaintiff can show that she is qualified with or without accommodation.

[7] Defendant argues that (1) Plaintiff did not request accommodations; (2) Plaintiff's requested accommodations were not reasonable, and (3) it accommodated her. Doc. 17 at 8, n.6. The Court does not address this matter in detail now, but it appears that Defendant may be challenging whether a request for FMLA leave can be an accommodation request. *See* Doc. 17 at 8 n.6. This appears to be a mixed question of fact and law in the Tenth Circuit. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 967 (10th Cir. 2002). Plaintiff's allegations as pleaded state a plausible claim for failure-to-accommodate. *See Johnson v. Norton Cnty. Hosp.*, 550 F. Supp. 3d 937, 954-55 (D. Kan. 2021).

*Co.*, 17 F.4th 975, 994 (10th Cir. 2021) (disability); *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008) (age).

Plaintiff pleads that she expressed concern to her office manager about whether she was being criticized because of her age and whether Defendant wanted her to quit because of her age. She also raised concerns about not being compensated for APP supervision shortly before her termination. That compensation had been shifted to a younger employee. And she alleges that she requested reasonable accommodations, which is a protected activity. *See Agnew v. Achievement Servs. of Ne. Kan., Inc.*, 2013 WL 3895316, at *2 (D. Kan. 2013) (citations omitted). Plaintiff alleges that Defendant retaliated against her for raising age-related matters, requesting additional time, taking leave, adjusting her schedule, and requesting time off. Plaintiff pleads that age-based complaints were why she received false performance criticism, was denied leave, and was terminated. And she alleges that her requests for accommodation were the but-for cause or motivating factor for her disparate treatment and termination.[8]

There is a difference between Plaintiff's age-related allegations of retaliation and her disability-based allegations of retaliation. Plaintiff's only alleged complaint about being treated unfairly because of her age was to the office manager. And calling it a "complaint" is a generous construction. The language in Plaintiff's pleading portrays her comments as ones of speculation or mere musings. She alleges that she "expressed concerns to the office manager about whether her age was factoring into her being criticized for her paperwork and if she wondered if they were wanting her to quit and more on because of her age." Doc. 12 ¶ 36. This is not a complaint. And there are no allegations about what, if any, authority the office manager had in decision-making.

---

[8] Defendant contends this is not the standard for an ADEA claim. But Plaintiff pleads "motivating factor" as to her ADA retaliation claim, not ADEA.

The comment was also made at least three months before Plaintiff's termination, which reflects a lack of temporal proximity. Both failings bear on causation. The allegations about age-related retaliation do not state a plausible claim.

Plaintiff's requests for accommodation, on the other hand, were ongoing. Plaintiff made them, at least facially, to individuals who may have had decision-making authority. And Plaintiff's employment was terminated only two days after Plaintiff's last request for leave. Plaintiff's allegations state a plausible claim for retaliation based on disability but not age.

### D.   Violation of the FMLA through Retaliation and Interference.

Plaintiff's next claim is that Defendant violated the FMLA by retaliating against her for seeking leave and by interfering with her attempt to take FMLA leave. A prima facie claim for FMLA retaliation requires the plaintiff to show (1) she engaged in a protected activity, (2) the employer took an action that a reasonable employee would have found materially adverse, and (3) there exists a causal connection between the protected activity and the adverse employment action. *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006). There are three elements for an interference claim: (1) the plaintiff is entitled to FMLA leave, (2) an adverse action by the defendant interfered with her right to take FMLA leave, and (3) the action was related to the exercise of her FMLA rights or attempt do so. *Sabourin v. Univ. of Utah*, 676 F.3d 950, 958 (10th Cir. 2012).

Plaintiff alleges that she engaged in protected activity by requesting FMLA leave in September, October, and November.[9] She alleges medical conditions that plausibly entitled her to leave. And she alleges that Defendant failed to provide her paperwork and terminated her

---

[9] The parties dispute whether the standard for protected activity required Plaintiff to complete the paperwork or merely request it. Plaintiff cites *Sheppard v. Amazon.com Servs., LLC*, 2023 WL 5574222 (D. Kan. 2023). Defendant cites *Ney v. City v. Hoisington, Kan.*, 508 F. Supp. 2d 877, 888 (D. Kan. 2007). This is not a matter the Court is prepared to rule on as a matter of law absent more targeted briefing.

employment shortly thereafter.[10] Plaintiff's allegations are sufficient to state a plausible claim for both FMLA retaliation and interference.

### E. Violation of Kansas Public Policy (Whistleblowing).

Finally, Plaintiff claims that she reported activities that she believed violated federal and state rules and regulations. And she alleges that Defendant terminated her for being a whistleblower. A plaintiff establishes a prima facie case of whistleblower retaliation by showing: "(1) a reasonable person would have concluded that co-worker or company activities violated rules, regulations or laws pertaining to public health, safety and general welfare; (2) prior to termination, defendant knew that plaintiff reported such violations; and (3) defendant terminated plaintiff in retaliation for making the report." *Stranghoner v. Gates Corp.*, 2019 WL 1557171, at *15 (D. Kan. 2019) (citations omitted).

Plaintiff has identified federal and state rules and regulations she reasonably and in good faith believes Defendant was violating.[11] She reported activities that she perceived as violations to management. And she alleges that her termination happened shortly thereafter and was because of her reports. Plaintiff states a plausible claim for whistleblowing under Kansas law.

---

[10] Defendant contends that Plaintiff did not suffer prejudice from any "interference" because she still rescheduled patients and had time off scheduled. Doc. 17 at 11. Defendant cites *Nebeker v. Natl's Auto Plaza*, 643 F. App'x 817 (10th Cir. 2016), to support the proposition that prejudice is required. *Nebeker* does support that point. But the defendant in *Nebeker* did not terminate the plaintiff's employment. 643 F. App'x at 821-22, 823-824. Here, Plaintiff's employment was terminated. There is a plausible argument that Plaintiff suffered prejudice because she would not have been terminated had her absences been protected under the FMLA. Plaintiff may need to show more to survive a summary judgment motion. But for now, her allegations suffice.

[11] Defendant points out that violation of federal law does not create a Kansas whistleblowing claim. But Medicaid fraud is a felony under state law. And, in any event, Plaintiff identified purported violations of state rules and regulations. Defendant also argues that all of Plaintiff's reports were based on her own opinions and not on actual violations of state requirements. Defendant contends that the measures that Plaintiff thought were important (like APP in-person supervision) were not actually required and therefore cannot form the basis of a viable claim. This is a matter for summary judgment.

## IV.     CONCLUSION

Plaintiff alleges sufficient facts in support of her claims. Some or all of Defendant's arguments may hold water on a summary judgment record.[12] But at this stage of the proceeding, nearly all of Plaintiff's claims are plausible (some more and some less). Even if the Court could resolve a few matters as an issue of law now, neither the judicial goals of efficiency nor fairness support doing so here.

Defendant is not entitled to dismissal except for the ADEA retaliation claim.

THE COURT THEREFORE ORDERS that Defendant's motion to dismiss (Doc. 16) is DENIED IN PART and GRANTED IN PART. The Court dismisses Plaintiff's retaliation claim under the ADEA. Plaintiff may proceed with all other claims.

IT IS SO ORDERED.

Dated: November 14, 2024                         /s/ *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE

---

[12] The Court does not address all of Defendant's arguments but gave them full consideration.

## IV.     CONCLUSION

Plaintiff alleges sufficient facts in support of her claims. Some or all of Defendant's arguments may hold water on a summary judgment record.[12] But at this stage of the proceeding, nearly all of Plaintiff's claims are plausible (some more and some less). Even if the Court could resolve a few matters as an issue of law now, neither the judicial goals of efficiency nor fairness support doing so here.

Defendant is not entitled to dismissal except for the ADEA retaliation claim.

THE COURT THEREFORE ORDERS that Defendant's motion to dismiss (Doc. 16) is DENIED IN PART and GRANTED IN PART. The Court dismisses Plaintiff's retaliation claim under the ADEA. Plaintiff may proceed with all other claims.

IT IS SO ORDERED.

Dated: November 14, 2024                         /s/ *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE

---

[12] The Court does not address all of Defendant's arguments but gave them full consideration.